# Exhibit A

# IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER:     CV-2024-08-3561

ROBERT L. CUNNINGHAM
1250 Old Forge Road
Kent, OH, 44240

-VS-                                                                    **SUMMONS**

EXACTECH, US, INC.
C/O CORPORATION SERVICES COMPANY S/A
1160 DUBLIN RD, STE 400
Columbus, OH 43215

**TO the following:**

EXACTECH, US, INC.
C/O CORPORATION SERVICES COMPANY S/A
1160 DUBLIN RD, STE 400
Columbus, OH 43215

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto. The name and address of the Plaintiff's attorney is:

CHRISTOPHER LEE PARKER
50 S. MAIN STREET, 10TH FLR.
AKRON, OH 44308

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Tavia Galonski
Summit County Clerk of Courts

September 6, 2024

**IN THE COURT OF COMMON PLEAS**
**SUMMIT COUNTY, OHIO**

| | |
|---|---|
| ROBERT L CUNNINGHAM, JR.,<br>1250 Old Forge Road<br>Kent, Ohio 44240<br><br>and<br><br>TAMARA CUNNINGHAM,<br>1250 Old Forge Road<br>Kent, Ohio 44240<br><br>Plaintiffs,<br><br>-vs-<br><br>EXACTECH, US, INC.,<br>c/o Corporation Service Company,<br>Statutory Agent<br>3366 Riverside Drive, #103<br>Upper Arlington, Ohio 43221<br><br>and<br><br>JOHN DOES 1 through 3,<br>(Real Name and Address Unknown)<br><br>and<br><br>JOHN DOES, INC., 1 through 3<br>(Real Name and Address Unknown)<br><br>Defendants. | CASE NO.<br><br>JUDGE:<br><br>**PLAINTIFFS' COMPLAINT**<br>**TYPE: STRICT PRODUCTS**<br>**LIABILITY, NEGLIGENCE, FAILURE**<br>**TO WARN, AND LOSS OF**<br>**CONSORTIUM**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

Now come Plaintiffs, Robert L. Cunninham Jr. ("Plaintiff" or "Robert") and Tamara

Cunningham ("Tamara") (collectively "Plaintiffs"), by and through undersigned counsel, and

bring this action against Exactech, US, Inc. ("Exactech"), John Does 1 through 3, and John Does,

Inc. 1 through 3 (collectively "Defendants"), for strict products liability, negligent products liability, failure to warn, and loss of consortium.

## JURISDICTION AND VENUE

1. Venue is proper in Summit County, Ohio, pursuant to Ohio Civ. R. Proc. 3(C)(3) and (6) because Defendants engaged in conduct in Summit County causing Plaintiffs' injuries and economic damages, and the facts giving rise to the claims in this Complaint all occurred in Summit County, Ohio.

2. This Court has jurisdiction over the parties, and venue is proper in this Court, as the conduct related to this action occurred in Summit County, Ohio, and damages exceed Twenty-five Thousand Dollars ($25,000.00).

## PARTIES

3. Robert resides in Kent, Portage County, Ohio.

4. Tamara resides in Kent, Portage County, Ohio.

5. Exactech, is a foreign for-profit corporation licensed, registered, and authorized through the Ohio Secretary of State to conduct business within Ohio and its principal place of business is located at 2320 NW 66th Court, Gainesville, Florida, 32653.

6. Exactech develops, manufactures, packages, stores, distributes, markets, and sells orthopedic implant devices, including the Exactech Opetrak Logic condylar constrained polyethylene, size 5 x 13mm total knee replacement components.

7. Exactech manufactures the components that were implanted in Robert's knee.

8. At all times relevant to this action, Exactech tested, studied, researched, designed, formulated, manufactured, inspected, labeled, packaged, promoted, advertised,

2

marketed, distributed, and/or sold the components implanted in Robert in interstate commerce and throughout the State of Ohio.

9.  John Does 1 through 3 are unable to be identified at this time, but Plaintiffs reserve the right to amend this complaint to include John Does 1 through 3.

10. John Does Inc. 1 through 3 are unable to be identified at this time, but Plaintiffs reserve the right to amend this complaint to include John Does Inc. 1 through 3.

## FACTS RELEVANT TO ALL COUNTS

11. Robert Cunningham is a 66-year-old man with a medical history involving arthritis which caused issues with his knees.

12. On March 10, 2009, Robert had a bilateral total knee arthroplasty done on both knees for advanced degenerative arthritis.

13. On May 23, 2017, Robert visited Dr. Gradisar at the Crystal Clinic Orthopaedic Center regarding right knee pain and swelling.

14. As a result of this visit, Robert was set to have total right knee arthroplasty.

15. On July 14, 2017, Robert underwent a total right knee arthroplasty at the Crystal Clinic Orthopaedic Center.

16. The components used in this surgery was the Exactech Optetrak logic revision knee system.

17. On October 19, 2017, Robert again visited the Crystal Clinic Orthopaedic Center regarding left knee pain.

18. Following this visit Robert was set to have a total left knee arthroplasty.

19. On November 10, 2017, Robert underwent a total left knee arthroplasty.

3

20. The components used in this surgery was the Exactech Truliant revision total knee system.

21. Following these surgeries, Robert continued having knee pain which resulted in numerous doctor visits throughout 2020 and 2021.

22. On January 16, 2023, Robert underwent another total knee revision in the left knee using Smith Oxinium components.

23. Again, on November 10, 2023, Robert underwent another total knee revision in the right knee and the components used in this surgery were the Exactech Optetrak components.

## COUNT ONE – STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT

24. Plaintiffs reallege and incorporate by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

25. Prior to Robert's knee surgery and at all times relevant to this action, Defendant tested, studied, researched, designed, manufactured, and sold Exactech Optetrak components for implantation in customers, such as Robert.

26. Defendants had a duty to manufacture the Exactech Optetrak components in a manner that prevents unreasonable risk of harm or injury to users and patients, including Robert.

27. Defendants had a duty to distribute the Exactech Optetrak components without manufacturing defects to prevent an unreasonable risk of harm to users and patients.

*Tavia Galonski, Summit County Clerk of Courts*

28. The Exactech Optetrak components Defendant manufactured and put into the stream of commerce were defective in their manufacture and construction when they left Defendants' hands.

29. The manufacturing defect caused significant premature wear on the Exactech Optetrak components which posed an unreasonable risk of harm or injury to users and patients including Robert.

30. Robert's surgeries that included Defendants' Exactech Optetrak components did actually wear down prematurely, causing injuries to both of Robert's knees.

31. The manufacturing defect was the direct cause of Robert's injuries.

32. Exactech, as a commercial seller and the manufacturer of the Exactech Optetrak components is strictly liable for putting a defective product into the stream of commerce.

33. As a direct and proximate result, Robert has suffered damages in excess of $25,000.00.

## COUNT TWO – STRICT PRODUCTS LIABLITY – FAILURE TO WARN

34. Plaintiffs reallege and incorporate by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

35. The Exactech Optetrak components manufactured and designed by Defendants was defective as outlined in this Complaint at the time it left the control of Defendants and was supplied to Robert.

36. Defendants knew, or should have known, that the Exactech Optetrak components were defective and posed an unreasonable risk of injury to users and patients.

5

37.  Defendants failed to adequately warn Robert and/or his physicians of this defect and the increased risk of harm prior to the time Robert received the Exactech Optetrak component in surgery.

38.  Defendants are strictly liable for failing to adequately warn Robert and/or his physicians, and otherwise failing to provide adequate warnings of the Exactech Optetrak's defective condition prior to Robert's surgery.

39.  As a direct and proximate result, Robert has suffered damages in excess of $25,000.00.

## COUNT THREE – STRICT PRODUCTS LIABILITY – DESIGN DEFECT

40.  Plaintiffs reallege and incorporate by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

41.  The Exactech Optetrak component manufactured by Defendants was defective in design because it is more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner.

42.  As a direct and proximate result, Robert has suffered damages in excess of $25,000.00.

## COUNT FOUR– NEGLIGENCE

43.  Plaintiffs reallege and incorporate by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

44.  Prior to Robert's surgery, Defendants tested, studied, researched, designed, manufactured, and distributed the Exactech Optetrak components to consumers, such as Robert, by orthopedic surgeons in the United States.

6

45. Prior to, on, and after Robert's surgery, Defendants had a duty to exercise reasonable care in the testing, design, manufacture, labeling, and warning of the Exactech Optetrak components used in Robert's surgery.

46. Prior to, on, and after the dates of Robert's surgeries, Defendants breached this duty and failed to exercise reasonable care and were grossly negligent and careless in the testing, study, research, design, formulation, manufacture, inspection, labeling, packaging, promotion, advertisement, marketing, distribution and sale of the Exactech and Optetrak Devices.

47. At all times material hereto, the Defendants had actual knowledge, or in the alternative, should have known through the exercise of reasonable and prudent care, of the hazards and dangers associated with the Exactech Optetrak components.

48. Defendants had access to registry data and were aware of complaints that the Exactech Optetrak components caused serious complications, including, but not limited to, polyethylene wear and/or other failure causing serious complications including components loosening, tissue damage, osteolysis, bone loss and the need for revision surgery(s) in patients.

49. Despite the fact Defendants knew or should have known the Exactech Optetrak components posed a serious risk of bodily harm to consumers, Defendants continued to manufacture and market and supply and recommended and prescribed the Exactech Optetrak components for implantation into consumers.

50. Defendants knew or should have known of the hazards and dangers associated with the Exactech Optetrak components used in Robert's surgery.

51. Defendants failed to exercise due care under the circumstances by negligently manufacturing, designing, testing, assembling, inspecting, labeling, packaging supplying, marketing, selling, advertising, preparing for use, warning of the risks and dangers of the defective Exactech Optetrack components, recommending, prescribing, implanting, and otherwise distributing the Exactech Optetrack components.

52. Defendants' conduct was the factual cause of Robert's injuries.

53. Defendants' conduct was the proximate cause of Robert's injuries.

54. As a direct and proximate result, Robert has suffered damages in excess of $25,000.00.

## COUNT 5 – LOSS OF CONSORTIUM

55. Plaintiffs reallege and incorporate by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

56. That Plaintiffs, Robert and Tamara, are husband and wife, and as a direct and proximate result of Defendants' negligence, Tamara, lost the services of her husband, lost consortium and has been emotionally distressed by his injuries.

**WHEREFORE**, the Plaintiffs, Robert L. Cunningham Jr. and Tamara Cunnigham, respectfully pray for judgment against Defendants for the following:

1. Actual damages in excess of $25,000.00; and

2. Punitive damages in excess of $25,000.00; and

3. Treble damages in excess of $75,000.00; and

4. Attorney's fees, costs, and pre and post judgment interest; and

8

*Tavia Galonski, Summit County Clerk of Courts*

5.    Any other such equitable and just relief as this Honorable Court deems proper.

Respectfully submitted,

**RODERICK LINTON BELFANCE, LLP**

/s/Christopher L. Parker

Christopher L. Parker (0055912)
50 S. Main Street, 10th Floor
Akron, Ohio 44308-1849
Phone:  (330) 434-3000
Fax:  (330) 434-9220
E-mail:  cparker@rlbllp.com

*Attorney for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a trial by jury upon all issues in the above-captioned matter.

/s/Christopher L. Parker

Christopher L. Parker (0055912)

9

# FedEx

**This envelope is only for FedEx Express® shipments.**

You can help us get your package safely to its destination...

ORIGIN ID:CAKA        (330) 643-4107
CIVIL DIVISION
SUMMIT COUNTY COURT CLERK
205 S HIGH ST
AKRON, OH 44308
UNITED STATES US

SHIP DATE: 06SEP24
ACTWGT: 1.00 LB
CAD: 494282/FXRS2008

BILL SENDER

TO  **EXACTECH, US, INC.**

**1160 DUBLIN RD, STE 400**
**C/O CORPORATION SERVICES COMPANY S/**
**COLUMBUS OH 43215**
(330) 643-4107        REF: CV2024083561_3487392
INV:
PO:                          DEPT: LEGAL DIVISION

589C2/4EF9/D078



FedEx
Express

E

**WED - 11 SEP 8:00P**

**EXPRESS SAVER**

TRK#
0201   4158 0421 1037

DSR RES

**43215**
OH-US  **LCK**

**6F GQQA**



◄ Insert shipping
document here.